UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. 2:13-CR-00664-3 |
| | § | |
| JENNIFER RIVAS | § | |

## AMENDED[1] FINDINGS AND RECOMMENDATION ON PLEA OF GUILTY

United States District Judge Nelva Gonzales Ramos referred this case to the undersigned United States Magistrate Judge for the purpose of conducting a guilty plea proceeding pursuant to Rule 11 of the Federal Rules of Criminal Procedure.[2] The undersigned submits these Findings and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(3). All parties have waived the right to plead before a United States District Judge, and additionally, have consented to proceed before the undersigned.

On August 19, 2013, the defendant appeared with counsel before the undersigned magistrate judge and was personally addressed in open court and admonished pursuant to Rule 11 of the Federal Rules of Criminal Procedure as follows:

1.      The defendant was placed under oath and advised that any false answers given during the plea proceeding could be used by the United States against the defendant in a prosecution for perjury or for making a false statement;

2.      The defendant was advised that Count One of the indictment charged a violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii), 1324(a)(1)(A)(iii) and (a)(1)(A)(v)(I), which makes it unlawful for any person to conspire or agree with another to unlawfully conceal or harbor or shield from detection, or to transport aliens by means of transportation;

The defendant was further advised that Count Six of the indictment charged a violation of Title 8, United States Code, Section 1324, which makes it unlawful for any person to knowingly or in reckless disregard of the fact that an alien had come to,

---

[1] The Fndings and Recommendation are amended only to correct the reference to the Special Order designating a magistrate judge to conduct the guilty plea proceeding upon consent of the parties.
[2] *See* Special Order C-2013-6.

entered, or remained in the United States in violation of law, move or transport or attempt to move or transport such alien within the United States by means of transportation in furtherance of such law violation;

  3. The defendant was advised of the defendant's right to a jury trial, the right to the presumption of innocence, the right to require that the United States prove each of the elements of the offense to a jury beyond a reasonable doubt, that is the United States must prove beyond a reasonable doubt that:

 As to Count One:  (1) the defendant and at least one other person made an agreement to commit the crime of unlawfully concealing, harboring, and transporting an alien or aliens, defined as follows: transporting by any means of transportation, or concealing or harboring or shielding from detection, an alien or aliens who had entered or remained in the United States in violation of law, knowing that such alien or aliens had entered the United States in violation of law or recklessly disregarding the fact that such alien or aliens had entered the United States in violation of law, and acting with the intent to further such alien or aliens' unlawful presence; (2) the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and (3) one or more of the conspirators during the existence of the conspiracy knowingly committed some act in furtherance of the conspiracy;

 As to Count Six: (1) an alien came to, entered, and remained in the United States in violation of law; (2) the defendant knew or recklessly disregarded that such alien had come to, entered, or remained in the United States in violation of law;  (3) the defendant transported or moved or attempted to transport or move such alien or aided and abetted the transportation of such alien within the United States; and (4) the defendant did so in furtherance of the alien's unlawful presence in the United States;

 The defendant was further advised that the right to a jury trial included the right to see, hear and cross-examine witnesses, the right to compel witnesses to appear in the defendant's behalf, and the right to testify in the defendant's behalf or to remain silent;

  4. The defendant was advised that a plea of guilty would waive the right to a jury trial, the right to see, hear and cross examine witnesses, the right to compel witnesses to appear in the defendant's behalf, and the right to remain silent;

  5. The defendant was advised that the maximum possible sentence included a prison term of up to ten years on Count One and five years on Count Six plus a maximum fine of up to $250,000 per count, and a period of supervised release of not more than three years, and that any violation of supervised release could result in an additional prison term of up to a maximum of two years; the defendant also was advised that even if she received the maximum two year sentence for violation of supervised release, if she had not completed her full term of supervised release, she could be re-released to

supervised release, and if revoked again she could receive up to a two year sentence again; the defendant was advised that this could happen multiple times until she had completed serving her term of supervised release; the defendant also was advised that a mandatory $100 special assessment per count applied to this felony conviction;

      6.     The defendant was advised of the District Court's obligation to calculate the applicable advisory sentencing guideline range and to consider that advisory range, possible departures and variances under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a); the defendant stated that she understood and had discussed with her attorney how the guidelines might be calculated in her case and applied to her;

      7.     The defendant was advised that conviction of this offense would cause her to lose certain rights she has as a citizen, such as the right to possess and own firearms, the right to vote, the right to serve on a jury, and the right to hold public office, and the defendant stated that she understood and had discussed these matters with her attorney; and

      8.     The defendant was advised that her written plea agreement with the United States included a promise that, in exchange for her pleas of guilty to Counts One and Six, the United States would recommend maximum credit for acceptance of responsibility and a sentence within the applicable guideline range as decided by the District Court; the United States further agreed to move to dismiss Counts two, three, four, and five at sentencing; in addition, if the defendant had provided or did provide prior to sentencing, substantial assistance to the United States, the United States *may* move for a downward departure pursuant to U.S.S.G.§5K1 and commensurate with the value of the information provided; the defendant was further advised that the decision about whether to move for a downward departure was a decision solely in the discretion of the attorney for the United States, and the decision whether to grant such a motion rested with the sentencing judge;

     The defendant was further advised that the plea agreement contained a waiver of her right to appeal and to file any petitions collaterally challenging her conviction; the defendant stated that she had discussed the appeal waiver with her attorney and she understood that she was knowingly waiving her right to appeal the conviction and sentencing decision of the District Court to a higher court unless the District Court *sua sponte* departed upward from the applicable guideline range or imposed a sentence that exceeded the maximum sentence, and that she was knowingly waiving her right to file a petition collaterally challenging her conviction; the defendant admitted that she understood she was also waiving her right to challenge an upward variance in her sentence.

The defendant stated that she had received a copy of the indictment and she understood the nature of the charge, the maximum possible penalty, and the consequences of pleading guilty. The defendant further stated that the plea of guilty was made freely and voluntarily, and did not result from any force, threats or coercion, and no one had promised the defendant a certain sentence. The defendant stated that she understood that if she did not receive the sentence hoped for, she could not withdraw her plea of guilty. The undersigned finds the defendant to be sufficiently competent to enter a plea of guilty.

The defendant pleaded guilty to the offense of conspiring to transport and conceal and harbor from detection unlawful aliens as charged in Count One of the Indictment. When questioned about the guilty plea, the defendant admitted that on or about the date in the Indictment, she had knowingly entered into an agreement with one or more persons to unlawfully transport and conceal and harbor aliens who had come to, entered, or remained in the United States in violation of law. The defendant further admitted that she knew the aliens involved had come to the United States in violation of law, that she was aware of the of the illegal purpose of the conspiracy and voluntarily entered into it with the intent to further its unlawful purpose. The defendant further admitted her part in the conspiracy included renting hotel rooms to shield and harbor aliens, and driving the cars used to move the aliens.

The defendant pleaded guilty to the offense of transporting an unlawful alien as charged in Count Six of the Indictment. When questioned about the guilty plea, the defendant admitted that Jesus De La Rosa was an alien who had come to, entered, or remained in the United States in violation of law, that on or about the date in the Indictment, the defendant transported such alien in furtherance of the alien's unlawful presence by means of a motor vehicle, and that before the defendant did so she was aware that such alien had come to, entered, or remained in the United States in violation of law.

The undersigned United States Magistrate Judge finds that defendant's guilty plea was freely and voluntarily tendered and did not result from force, threats, or promises and that an adequate factual basis exists in relation to this plea.

## RECOMMENDATION

It is respectfully recommended that the District Court adopt the foregoing findings, accept the defendant's plea of guilty, and enter a finding that the defendant is guilty as charged in Counts One and Six of the Indictment.

Respectfully submitted this 19th day of August, 2013.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file the Findings and Recommendation on Plea of Guilty and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Crim. P. 59(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).